JOHN J. COUGHLIN (JC-0633)
**Attorney at Law LLC**
800 N. Church St. Suite 107
Moorestown NJ 08057
(856) 996 - 1170
Fax: (856) 996-1504
john@jjclawfirm.com
*Attorney for Defendant, Jean Bakwin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| JODIE DASHORE,<br>*OTD, HHP, BCIP, SIC*<br>    Plaintiff,<br><br>    v.<br><br>JEAN ANDERSON,<br>also known as JEAN GHANTOUS<br>also known as ROWYN ANDERSON<br>also known as ROWYN BAKWIN<br>    Defendant, | CIVIL ACTION<br><br>NO. 3:18-cv-15554-FLW-DEA<br><br>**NOTICE OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED.R.CIV.P 12(b06** |

TO:    JEFFREY A. MALATESTA, ESQUIRE
        Mattelman Weinroth and Miller
        401 Route 70 E.
        Cherry Hill, NJ 08034

PLEASE TAKE NOTICE that on March 18, 2019, at 10:00 a.m. or as soon thereafter as counsel may be heard, defendant, JEAN BAKWIN,. shall move before The Honorable Freda L. Wolfson, at the United States Courthouse, 402 E. State Street, Trenton 08608, for an Order in the form annexed hereto dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6)

PLEASE TAKE FURTHER NOTICE that defendant shall rely upon the Brief submitted herewith, as well as all other pleadings on file in this matter.

1

PLEASE TAKE FURTHER NOTICE that defendant requests oral argument.

                                                      **By:/s/John J. Coughlin**
                                                      Counsel for Defendant

DATED: February 20, 2019

JOHN J. COUGHLIN (JC-0633)
Attorney at Law LLC
800 N. Church St., Suite 107
Moorestown, NJ 08057
(856)996-1170 (phone)
john@jjclawfirm.com

JOHN J. COUGHLIN (JC-0633)
Attorney at Law LLC
800 N. Church St., Suite 107
Moorestown, NJ 08057
(856)996-1170 (phone)
john@jjclawfirm.com
Attorney for Defendant, Jean Bakwin, a/k/a Jean Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| JODIE DASHORE,<br>*OTD, HHP, BCIP, SIC*<br>Plaintiff,<br><br>v.<br><br>JEAN ANDERSON,<br>also known as JEAN GHANTOUS<br>also known as ROWYN ANDERSON<br>also known as ROWYN BAKWIN<br>Defendant, | CIVIL ACTION<br><br>NO. 3:18-cv-15554-FLW-DEA |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Jean Bakwin ("Defendant" or "Ms. Bakwin"), named and sued as Jean Anderson, by and through her undersigned counsel, states as follows in support of her Motion to Dismiss the Complaint filed by Plaintiff, Jodie Dashore ("Plaintiff" or "Ms. Dashore"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

**I.    Summary of Plaintiff's Allegations**

The sum of Plaintiff's complaint is that defendant "made false and defamatory statements about the Plaintiff and her credentials," but the only factual allegation asserted is that defendant said on a Facebook posting that "Dashore is not a doctor." There are other vague assertions of

1

"other false and defamatory statements" *See* Complaint (Dkt. 1), at. para. 2., but there is neither a full explanation as to why they are false, nor, more importantly, how such statements may have caused any harm.

Plaintiff alleges that she holds a "doctoral degree," but does not claim or allege that she is a doctor of medicine. *See* Complaint (Dkt. 1), a p. 1, para. 2. In paragraph 22 of her Complaint Plaintiff lists five statements that she claims Defendant electronically made on a "Facebook Group." *Id.* at pp. 5-6, para. 22. Plaintiff does *not* allege when any of these statements was made. *Id.*; *see also* Complaint generally. In any event, Plaintiff alleges that each of these statements was defamatory. *Id.*; *see also* pp. 6-7 (Count II for defamation). Plaintiff further alleges that these statements interfered with her business relationships with her "patients," as well as her purported contractual relationships. *Id.* at p. 5; para. 21; *see also* p. 7, paras. 32-38 (Count III for tortious interference with business expectancy); p. 8, paras. 39-44 (tortious interference with contract).

## II. LEGAL ARGUMENT

In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008). Moreover, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

2

### A. *Plaintiff Has Failed To State A Claim In Count I (Permanent Injunction)*

In order to plead a claim sufficient to support the entry of a permanent injunction, a plaintiff must plead that he or she: (1) has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See, e.g., E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014).

Here, in support of her claim for permanent injunction in Count I, Plaintiff has pled neither those elements, even in a conclusory fashion, nor has she pled facts to establish any of those elements. For that reason, Count I of Plaintiff's Complaint should be dismissed.

### B. *Plaintiff Has Failed To State A Claim In Count II (Defamation/Libel)*

In order to sufficiently plead a claim for defamation or libel, a plaintiff must of course plead, among other elements, that the defendant made "a false and defamatory statement" concerning the plaintiff. *See, e.g., Leang v. Jersey City Bd. of Ed.*, 198 N.J. 557, 585, 969 A.2d 1097 (2009). Plaintiff has attempted to do so in Count II, at sub-paragraphs (a) through (e) of paragraph 22. *See* Complaint, at pp. 5-6, para. 27.

However, as a matter of law, there is nothing even conceivably defamatory about the statements contained in sub-paragraphs (b), (c), and (d). Plaintiff fails to provide any facts or other context that would make, on their face, those statements defamatory. Accordingly, at a minimum, those portions of paragraph 22 of Count II of Plaintiff's Complaint should be dismissed because they simply are not defamatory as a matter of law.

3

Moreover, sub-paragraphs (a) and (e) of paragraph 22 fare no better. Each of those alleged statements merely reflect a factual assertion by the Defendant, i.e., that the Plaintiff is not a medical doctor. According to the allegations of Plaintiff's Complaint, she is *not* a doctor; rather, she apparently holds a doctorate degree. Therefore, sub-paragraphs (a) and (e) of paragraph 22 should likewise be dismissed because they too are simply not defamatory as a matter of law. They reflect a fact that Plaintiff herself does not dispute in her pleading.

Finally, Plaintiff's defamation/libel claim also fails because the Plaintiff has not pled *when* any of the alleged defamatory statements were made or published. Thus, it is not even possible, from the face of Plaintiff's Complaint, to establish that her claims are being timely made pursuant to the applicable one-year statute of limitations. *See* N.J.S.A.:14-3 ("[e]very action at law for libel or slander shall be commenced within [one] year next after the publication of the alleged libel or slander."); *see also Catena v. Raytheon Co.*, 447 N.J. Super. 43, 52 (App. Div. 2016) (whether cause of action is barred by applicable statute of limitations is a question of law). For that additional reason, Plaintiff's claims in Count II should be dismissed.

### C. *Plaintiff Has Failed To State A Claim In Count III (Unlawful Interference With Economic Advantage)*

In order to plead a claim for tortious interference with prospective or existing economic relationship, the plaintiff must allege: (1) the plaintiff's existing or reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) the reasonable probability that the plaintiff would have received the anticipated economic benefit in the absence of interference; and (5) damages resulting from the defendant's interference. *See, e.g., Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1168 (3rd Cir. 1993).

4

Here, Plaintiff's claim in Count III fails for essentially the same reason that her claim in Count II fails. Plaintiff has failed to plead that Defendant engaged in any "wrongful" acts that would support her claim in Count III. Indeed, Count III is premised upon the very same conduct that purports to support her claims for defamation. Because that conduct in Count II is not wrongful or defamatory for the reasons stated above, that same conduct is not wrongful for purposes of this claim either, and thus cannot support this claim.

### D. *Plaintiff Has Failed To State A Claim In Count IV (Tortious Interference with Contract)*

In order to plead a claim for tortious interference with contract, the plaintiff must allege: a protectable right, i.e., a contract; intentional and malicious interference with a protectable right that causes a loss with resulting damages. *See, e.g., Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 751-752, 563 A.2d 31 (1989). Plaintiff's claim fails because she fails to alleged the existence of a contact, much less Defendant's knowledge of such a contract, that would support this cause of action. For that reason alone, Plaintiff's claim in Count IV should be dismissed.

**WHEREFORE**, Defendant, by and through her undersigned counsel, respectfully requests the entry of an Order dismissing Plaintiff's Complaint, and for such other and further relief as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

By:/s/John J. Coughlin
Counsel for Defendant

JOHN J. COUGHLIN (JC-0633)
Attorney at Law LLC
800 N. Church St., Suite 107
Moorestown, NJ  08057
(856)996-1170 (phone)
john@jjclawfirm.com

## CERTIFICATE OF SERVICE

The undersigned states that, on February 20, 2019, he caused the above document to be served upon opposing counsel of record via ECF electronic filing, with a courtesy copy by first class mail..

By:/s/John J. Coughlin
Counsel for Defendant

JOHN J. COUGHLIN (JC-0633)
**Attorney at Law LLC**
800 N. Church St. Suite 107
Moorestown NJ  08057
 (856) 996 - 1170
Fax: (856) 996-1504
john@jjclawfirm.com
*Attorney for Defendant, Jean Bakwin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| JODIE DASHORE,<br>*OTD, HHP, BCIP, SIC*<br>        Plaintiff,<br><br>        v.<br><br>JEAN ANDERSON,<br>also known as JEAN GHANTOUS<br>also known as ROWYN ANDERSON<br>also known as ROWYN BAKWIN<br>        Defendant, | CIVIL ACTION<br><br>NO. 3:18-cv-15554-FLW-DEA<br><br>**ORDER DISMISSING COMPLAINT PURSUANT TO  FED.R.CIV.P 12(b)6** |

The above-entitled cause having come before the Court upon the Motion of John J. Coughlin, counsel for Defendant, Jean Bakwin, for an Order Dismissing the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and the Court having considered the motion, and any opposition thereto,

**NOW, THEREFORE**, **IT IS** on this _____ day of _____, 2019;

**ORDERED** that the Complaint of Plaintiff, Jodie Dashore be and is hereby **DISMISSED WITHOUT PREJUDICE.**

_____
UNITED STATES DISTRICT JUDGE

1