**JOHN J. COUGHLIN (JC-0633)**
**Attorney at Law LLC**
800 N. Church St., Suite 107
Moorestown, NJ 08057
(856)996-1170 (phone)
(856)996-1504 (fax)
john@jjclawfirm.com
*Attorney for Defendant, Jean Anderson*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JODIE DASHORE,

Plaintiff

Civil Action No.:18-15554(FLW)

v.

JEAN ANDERSON,
also known as JEAN GHANTOUS,
also known as ROWYN ANDERSON,
also known as ROWYN BAKWIN,

Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

Defendant, by and through her undersigned counsel, states as follows as her Answer and Affirmative Defenses:

1. Defendant admits only that Plaintiff has made the referenced allegations, and denies all of the remaining allegations of this Paragraph.

2. Defendant denies these allegations, including because they lack specificity as to the alleged referenced conduct of Defendant.

3. Defendant denies the allegations of this Paragraph.

1

4. Defendant admits only that Plaintiff seeks the referenced relief, and denies all of the remaining allegations of this Paragraph because she is without sufficient knowledge and information to respond to Plaintiff's claims about her alleged loss of patients.

5. Upon information and belief, admitted.

### THE PARTIES & JURISDICTION & VENUE

6. Denied as stated. Defendant admits that she was at one time a resident of the State of Illinois.

7. Upon information and belief, admitted. However, Defendant lacks specific knowledge with respect to Plaintiff's allegations regarding the amount in controversy.

8. Defendant admits that venue is proper in this District, and denies all of the remaining allegations of this Paragraph.

### FACTS

9. Defendant is without sufficient knowledge and information to respond to these allegations, and therefore denies them.

10. Defendant admits the allegations of the first sentence of this Paragraph. Defendant denies the remaining allegations of this Paragraph.

11. Defendant denies the allegations of this Paragraph because she is without sufficient knowledge and information to respond to them. Defendant further states that these allegations lack specificity.

12. Denied as stated. Defendant admits the allegations of the first sentence of this Paragraph and further admits that she posed a question to Plaintiff. Defendant

denies the remaining allegations of this Paragraph, because she is without sufficient knowledge and information as to Plaintiff's belief.

13. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
14. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
15. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
16. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
17. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
18. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
19. Defendant denies the allegations of this Paragraph, and further states that they lack specificity. However, Defendant admits that Plaintiff's birthday was wrong.
20. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
21. Defendant denies the allegations of this Paragraph, and further states that they lack specificity.
22. Defendant denies these allegations because the referenced statements were not false and defamatory. Defendant further states that, whether such

statements were false and defamatory, calls for a legal conclusion. Defendant additionally states that Plaintiff has failed to recite the referenced statements in their entire context, rendering same subject to false interpretation.

23. Defendant denies the allegations of this Paragraph, and further states that they lack specificity. Defendant further states that, whether such statements were false and defamatory, calls for a legal conclusion.

## COUNT I
## PERMANENT INJUNCTION

### [THIS COUNT STRICKEN BY COURT ORDER SEPTEMBER 27, 2019]

## COUNT II
## DEFAMATION – LIBEL AND SLANDER

27. Defendant's responses to the prior allegation of the complaint are hereby incorporated by reference as if set forth fully and at length herein.

28. Defendant denies making false and defamatory statements.

29. Defendant denies making false and defamatory statements.

30. Defendant denies making false and defamatory statements.

31. Defendant denies making false and defamatory statements.

32. Defendant denies making false and defamatory statements.

**WHEREFORE**, Defendant, by and through her undersigned counsel, respectfully requests that judgment be entered in her favor and against the Defendant, and for such other relief as is appropriate.

### AFFIRMATIVE DEFENSES

The complaint fails to state claims upon which relief can be granted.

The claims are barred by the Statute of Limitations.

4

Plaintiff's alleged damages do not meet or exceed the minimum amount in controversy of $75,000 and this Court therefore lacks subject matter jurisdiction.

Plaintiffs' claims are barred by the doctrine of unclean hands.

Plaintiffs' claims are barred by the doctrine of estoppel.

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

Plaintiffs' claims are barred by the doctrine of waiver.

Plaintiffs' claims are barred by the doctrine of consent.

Plaintiffs suffered no harm or damages that was caused by defendant's conduct, acts or omissions. Any alleged harm suffered by plaintiffs was caused exclusively by plaintiff's conduct, acts or omissions.

_____
**JOHN J. COUGHLIN, Esquire**
*Attorney for Defendant, Jean Anderson*
Attorney I.D. No. JC0633
800 N. Church St. Suite 107
Moorestown NJ  08057
(856) 996 - 1170
Fax: (856) 996-1504
john@jjclawfirm.com

5